IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Brandi Goode, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| DISH Network, LLC; and DOES 1-10, inclusive, | : **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | : |

For this Complaint, Plaintiff, Brandi Goode, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Brandi Goode ("Plaintiff"), is an adult individual residing in Boiling Springs, South Carolina, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. Defendant DISH Network, LLC ("DISH"), is a Colorado business entity with an address of 9601 South Meridian Boulevard, Englewood, Colorado 80112, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

6. Does 1-10 (the "Agents") are individual agents employed by DISH and whose identities are currently unknown to Plaintiff.  One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. DISH at all times acted by and through one or more of the Collectors.

## FACTS

8. Beginning in July of 2014, DISH began contacting Plaintiff in an attempt to sell its services to her.

9. At all times mentioned herein, DISH placed calls to Plaintiff's cellular telephone [864-XXX-1414], using an automated telephone dialing system ("ATDS" or "predictive dialer").

10. When Plaintiff answered calls from DISH, there was a period of silence before she was connected to a live representative.

11. Plaintiff did not provide her telephone number to DISH and did not otherwise consent to be called by DISH.

12. Furthermore, when Plaintiff spoke with DISH, she informed DISH that she was happy with her present service provider.  As such, Plaintiff expressly requested that DISH stop placing calls to her.

13. Despite the fact that Plaintiff never consented to receive calls from DISH and despite Plaintiff's unequivocal request that all calls cease, DISH continued to place calls to Plaintiff's cellular telephone at an excessive and harassing rate.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. Without prior consent, DISH contacted Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

16. Defendants continued to place automated calls to Plaintiff's cellular telephone after being directed to cease calling and knowing that there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17. The telephone number called by DISH was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

18. The calls from DISH to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call pursuant to 47 U.S.C. § 227(b)(3)(B).

20. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 17, 2014

Respectfully submitted,

*/s/ Brian J. Headley*

Brian J. Headley, Attorney at Law
District of South Carolina Bar ID No. 11427
The Headley Law Firm
1156 Bowman Rd., Suite 200
Mount Pleasant, SC  29464
Telephone: (855) 301-2100 Ext. 5532
Facsimile: (888) 953-6237
bjheadley@yahoo.com
bheadley@lemberglaw.com

Of Counsel To
Sergei Lemberg
LEMBERG LAW L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (888) 953-6237